IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re Sun Healthcare Group, Inc.<br>SECURITIES LITIGATION. | This Document Relates to Master File No.<br>CV-99-269 MV/LCS-ACE<br>CONSOLIDATED WITH:<br>CV 99-319; CV 99-336; CV 99-349; CV 99-369; CV 99-418; CV 99-423; CV 99-424; CV 99-439; CV 99-459; CV 99-460; CV 99-478; CV 99-508 |

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion to Amend the Judgment Dismissing This Action With Prejudice Pursuant to Fed. R. Civ. P. 59(e) and To Amend the Complaint Pursuant to Fed. R. Civ. P. 15(a) **[Doc. No. 91]**. The Court, having reviewed the motion, briefs, relevant law, and being otherwise fully advised, finds that the motion is not well-taken and will be **DENIED**.

**BACKGROUND**

Plaintiffs are a class of individuals who had acquired common stock of Sun Healthcare Group, Inc. (Sun), one of the largest full-service, long-term healthcare providers in the United States, between June 2, 1998 and February 1, 1999 (the Class Period). On September 10, 1999, Plaintiffs filed a Consolidated Amended Complaint **[Doc. No. 27]** against several senior-level managers or directors of Sun, alleging violations of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder (Count I) and violations of Section 20 of the Exchange Act (Count II). In Count I, Plaintiffs alleged that Defendants Andrew L. Turner, Mark G. Wimer, and Robert D. Woltil, all executive officers of Sun, made or approved various materially false and misleading statements or omissions during the Class Period in press releases, interviews, statements to analysts and SEC filings

regarding the effect of the new federal health care legislation on Sun. Plaintiffs further allege that Defendant Woltil, Sun's Chief Financial Officer, signed materially false and misleading Form 10-Q financial reports and sold shares of Sun for over $90,000 while in possession of material, adverse, and undisclosed facts about the company. In Count II, Plaintiffs allege that Defendants are "controlling persons" as a result of their positions within Sun and, therefore, are subject to the control person liability provisions of Section 20 of the Exchange Act.

On December 5, 2000, Defendants filed a Motion to Dismiss the Consolidated Amended Complaint **[Doc. No. 54 & 55]** in accordance with Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 78u-4. Plaintiffs' Opposition to Defendants' Motion to Dismiss **[Doc. No. 62]** was filed on February 2, 2001, and Defendants replied **[Doc. No. 65]** on March 9, 2001. This Court heard arguments on the motion on September 25, 2001, at which time it took the motion under advisement.

Thereafter, the Court granted Defendants' motion to dismiss with prejudice. As to some of the allegedly false and misleading statements, the Court found that they were not actionable as a matter of law, because the statements were (a) protected by both the "safe harbor" provisions of the PSLRA and the judicial "bespeaks caution" doctrine, *see In re Sun Healthcare*, 181 F.Supp.2d 1283, 1287-91 (D.N.M. 2002); (b) reflecting immaterial statements of corporate optimism and "mere puffing," *see id.* at 1291-92; (c) made by third-parties without Defendants' express or implied imprimatur, *see id.* at 1292-93; or (d) made outside the Class Period, *see id.* at 1293-94. As for those false and misleading statements that were actionable, the Court found that Plaintiffs' Complaint failed to meet the pleading standards for scienter in a PSLRA securities fraud case, as articulated by the Tenth Circuit in *City of Philadelphia v. Fleming*, 264 F.3d 1245, 1259-60 (10th

Cir. 2001). Specifically, this Court found that Plaintiffs' Complaint failed to "state with particularity facts giving rise to a strong inference," 15 U.S.C. § 78u-4(b)(1)-(2), that Defendants had acted with "intent to deceive, manipulate, or defraud," *Fleming*, 264 F.3d at 1259. *See Sun Healthcare*, 181 F.Supp.2d at 1294-98. Consistent with the ruling, a judgment against the Plaintiffs was filed on January 31, 2002.

On February 14, 2002, Plaintiffs filed the present motion, requesting that the case be reopened pursuant to Rule 59(e) and that they be allowed to amend their complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Plaintiffs contend that the proposed amended complaint (Amended Complaint) meets the pleading requirements set forth in *Fleming* and applied by this Court in its prior opinion. Defendants respond first that Plaintiffs have not shown that grounds for granting relief under Rule 59(e) exist and, second, that the proposed amendments do not remedy the fatal deficiencies of the Complaint.

## **STANDARD**

A Rule 59(e) motion to amend judgment is basically a motion for reconsideration. *See Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). The court may grant such a motion for one of three reasons: an intervening change in controlling law; availability of new evidence; or the need to correct clear error or prevent manifest injustice. *See id.* If a party is seeking to supplement its Rule 59(e) motion with "new evidence," the party must show either that (a) the evidence is newly discovered, or (2) if the evidence was available when summary judgment was granted, that counsel made a diligent though unsuccessful attempt to discover the evidence. *See Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992). A motion to reconsider is not another opportunity for the losing party to make its strongest case, rehash

3

arguments, or revamp previously unmeritorious arguments. *See Voelkel v. Gen. Motors Corp.,* 846 F.Supp. 1482, 1483 (D.Kan. 1994), *aff'd,* 43 F.3d 1484 (10th Cir.1994). The court should not grant a Rule 59(e) if the movant only wants to present new arguments or supporting facts that could have been offered initially. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). The decision to grant or deny such a motion is committed to the sound discretion of the trial court. *See Hancock v. City of Okla. City,* 857 F.2d 1394, 1395 (10th Cir. 1988).

## DISCUSSION

In their motion to amend, Plaintiffs make no mention of what the standard is for granting a Rule 59(e) motion, let alone discuss how this standard is met in their case. Plaintiffs make a single statement, in passing, that their "continuing investigation has uncovered specific information to bolster their allegations and they should be afforded the opportunity to amend their claims to include this new information" that can be read as addressing whether grounds for granting their motion exists. Plaintiffs' motion instead focuses on whether this Court must grant leave to amend under Rule 15(a). (Pl.'s Mot. at 3.) However, as Plaintiffs themselves point out, after the court has granted a motion to dismiss, the court will entertain a motion to amend pleadings *only if* the requesting party first files and succeeds on a motion to reopen a case under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1185 (10th Cir. 1999).

Plaintiffs' reply memorandum is only marginally better in addressing the Rule 59(e) issue. In their reply, Plaintiffs clarify that they are "neither arguing that the Court committed a 'manifest error of law' or that the Court should reconsider." (Pl.'s Reply at 2.) Rather, Plaintiffs explain that they "simply ask to amend the judgment from 'with prejudice' to 'without prejudice' to allow them to

submit the Amended Complaint, which contains newly discovered facts uncovered as a result of plaintiffs' continuing investigation of their claims." (Pl.'s Reply at 2.) In addition to characterizing their motion inaccurately, Plaintiffs fail to offer any additional explanation about why the evidence offered in the Amended Complaint was "previously unavailable." The Reply does offer statements such as "plaintiffs only recently came into possession of the information that forms the basis of their proposed Amended Complaint" and "plaintiffs' investigation uncovered [the new evidence] between October 2001 and February 2002," (Pl.'s Reply at 2.) However, Plaintiffs offer no evidence as to why the "new" evidence was not discovered earlier, despite the due diligence of their counsel.

Two statements in the Reply approach offering an explanation as to why the evidence was unavailable earlier. At one point, Plaintiffs state that, "[b]ased on prior investigative contacts, and good fortune, plaintiffs' counsel, contacted by a source who provided new leads and information, were able to discover the facts and were provided with the documents that are included and attached to the proposed Amended Complaint." (Pl.'s Reply at 3.) Elsewhere Plaintiffs claim that their motion and the developments behind it are comparable to the motion filed in and the facts of *Werner v. Werner*, 267 F.3d 288 (3d Cir. 2001), in which the Third Circuit granted plaintiff's motion to reopen and amend. Plaintiffs state that, as in the *Werner* case, they were "[p]recluded from conducting formal discovery, [and therefore] obtained the information outlined in [the] proposed Amended Complaint through an investigative network of sources stretching back three years, coupled with happenstance." (Pl.'s Reply at 4.) These statements do not show that the conditions for granting a Rule 59(e) motion have been met in the present case.

The new evidence consists of the following: statements by unnamed, former Sun executives (Amended Complaint ¶¶34, 46, 48); statements by a former director of quality-assurance at Sun's

5

therapy division (Amended Complaint ¶36); information about and from a Medicare consultant employed by Sun's consulting and financial division (Amended Complaint ¶¶40, 41, 53 and Exh. A); a Sun marketing brochure (Amended Complaint ¶45 and attached brochure); and a Sun advertisement from *Provider Magazine* (Amended Complaint ¶51 and attached advertisement).  However, as in *Committee for First Amendment v. Campbell*, this new evidence is "historical evidence," in that it existed well before the Court's hearing on summary judgment.  *See Campbell*, 962 F.2d at 1524.  Plaintiffs have made no showing that the witnesses cited in or exhibits attached to their Rule 59(e) motion were not discoverable despite the due diligence of counsel prior to the Court's dismissal of the Complaint.  *Accord Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir. 1994) (holding that plaintiffs' unawareness of significance of expert testimony was insufficient grounds for granting motion to reconsider summary judgment); *Campbell*, 962 F.2d at 1524 (affirming denial of plaintiff's motion to reconsider in part because plaintiffs failed to establish "reasonable diligence" by counsel in attempting to uncover newly proffered evidence); *Harris v. Illinois-California Express, Inc.,* 687 F.2d 1361, 1375 (10th Cir.1982) (affirming denial of motion to reopen case where "newly discovered evidence" existed months before trial and movant did not make adequate showing that evidence was such that could not have been discovered even with exercise of due diligence).

      Having found that Plaintiffs fail to meet the requirements for granting a Rule 59(e) motion to reopen a case, the Court need not address the remainder of Plaintiffs' arguments in support of their motion.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Amend the Judgment Dismissing This Action With Prejudice Pursuant to Fed. R. Civ. P. 59(e) and To Amend the Complaint Pursuant to Fed. R. Civ. P. 15(a) **[Doc. No. 91]** is hereby **DENIED**.

Dated this 21st day of April, 2003.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiffs:
David A. Freedman
William S. Lerach
Andrew L. Barroway
Joseph H. Weiss

Attorneys for Defendants:
Kurt Wihl
Sara B. Brody